IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION



| | | |
|---|---|---|
| AMANDA BAKER WILLIS, Individually and as Administrator of the Estates of Kylee Sullivan, deceased, and Julie Freeman, deceased, and on behalf of the wrongful death beneficiaries of Kylee Sullivan and Julie Freeman<br>PLAINTIFF | § § § § § § § § § § § § | Civil Action No. 4:12CV____4134____ |
| vs. | | |
| UNITED STATES OF AMERICA<br>DEFENDANT | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Amanda Baker Willis, Individually and as Administrator of the Estates of Kylee Sullivan, deceased, and Julie Freeman, deceased, and on behalf of the wrongful death beneficiaries of Kylee Sullivan and Julie Freeman (hereinafter "Plaintiff"), and files this Original Complaint against Defendant United States of America (hereinafter "Defendant"), and in support thereof would show unto the Court as follows:

### PRELIMINARY STATEMENT

1. This action arises out of the tragic deaths of Plaintiff's daughter and mother who, along with seventeen others, were swept away and drowned during a flash flood in Montgomery County, Arkansas. The claims asserted herein are brought against the United States of America pursuant to the Federal Tort Claims Act (28 U.S.C. § 2671, *et seq.* and 28 U.S.C. § 1346 (b)(1)), the Arkansas Survival of Actions Statute, Ark. Code Ann. § 16-62-101, and the Arkansas Wrongful Death Act,

Ark. Code Ann. § 16-62-102, for personal injury and wrongful death caused by the negligent and wrongful acts and omissions of the employees of the United States Government while acting within the course and scope of their employment.

## JURISDICTION AND VENUE

2. The claims asserted herein against Defendant arise under the Federal Tort Claims Act ("FCTA"), 28 U.S.C. § 2671, *et seq.* and 28 U.S.C. § 1346 (b)(1), and this Court has original jurisdiction over same pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over the pendant state law claims pursuant to 28 U.S.C. § 1337.

3. Venue is proper in the Western District of Arkansas under 28 U.S.C. § 1402(b) since this is a tort claim against the United States of America under § 1346(b) and the events giving rise to this litigation occurred in this district.

4. Plaintiff has fully complied with 28 U.S.C. § 2675 and all procedural prerequisites to filing this action have been satisfied, met or otherwise waived, including the exhaustion of all administrative remedies under the Federal Tort Claims Act. On or about March 23, 2012, Plaintiff, through the undersigned counsel, filed claims regarding the subject matter of this complaint with the United States Department of Agriculture Forest Service (hereinafter "U.S. Forest Service"). On November 1, 2012, the U.S. Department of Agriculture issued a letter denying the administrative claims. Thus, this action is timely filed.

## PARTIES

5. Plaintiff Amanda Baker Willis is a resident and citizen of Texarkana, Texas. At the time of

her death, Kylee Sullivan, a minor child, was the natural daughter of Plaintiff and a resident and citizen of Texarkana, Texas. At the time of her death, Julie Freeman was the natural mother of Plaintiff and a resident and citizen of Texarkana, Texas.

Defendant United States of America is a sovereign government that has consented to be sued for civil liability in accordance with the provisions of the FTCA, 28 U.S.C. § 2671 *et seq*. Defendant may be served with process through the following:

> Chief Tom Tidwell
> United States Department of Agriculture Forest Service
> 1400 Independence Avenue, SW
> Washington, D.C. 20250-0003
>
> Eric H. Holder, Jr., Attorney General
> United States Department of Justice
> 950 Pennsylvania Avenue, NW
> Washington, D.C. 20530-0001
>
> Conner Eldredge, U.S. Attorney
> United States Attorney's Office
> 414 Parker Avenue
> Fort Smith, Arkansas 72901

## FACTUAL BACKGROUND

7.  On June 9, 2010, Amanda Baker Willis, accompanied by her husband, Clark Willis, her seven year old daughter, Kylee Sullivan, and Kylee's best friend, Gayble Moss, left Texarkana to go camping. They were bound for the Albert Pike Recreation Area ("APRA") in the Ouachita National Forest, Montgomery County, Arkansas. The party had intended to camp at Loop D of APRA, based on its convenience, facilities and proximity to the Little Missouri River. Clark and Amanda Willis had previously camped at Loop D. However, upon their arrival they discovered that Loop D was full

of other campers. Rather than return to Texarkana, they decided to locate their camp a short distance upstream from Loop D along Park Road 512. They were joined the following day by Gerald and Julie Freeman, Amanda's parents and Kylee's grandparents.

8. APRA in the Ouachita National Forest, Montgomery County, Arkansas is a recreational area developed and administered by the U.S. Forest Service approximately six miles north of Langley, Arkansas. The campground is administered by U.S. Forest Service personnel stationed at the Caddo-Womble Ranger District Office in Glenwood, Arkansas.

9. The campgrounds at APRA are located in a valley surrounded by mountains with steep terrain. The Little Missouri River, which has been designated a wild and scenic river, runs through APRA, as do a number of tributary creeks and streams. The campground at APRA is located in the flood plain of the Little Missouri River. Rain that falls in the watershed of the river and its tributaries quickly runs down the mountainsides and accumulates in the streams and river causing them to rise rapidly. The Little Missouri River has long been known to rise rapidly during rain events.

10. APRA has a long history of documented flooding events dating back to at least 1940. There were at least ten documented flood events between 1940 and 2010, specifically in 1940, 1961, 1975, 1982, 1987, 1990, 2001, 2006, 2008 and 2010. There have been thirteen flood incident reports evidencing severe weather, flooding and property damage resulting from severe weather between March 27, 2000 and September 2, 2008.

11. On June 9, 2010, a storm system developed in south Texas and moved slowly to the northeast through east Texas on June 9 and 10, 2010. The storm caused more than ten inches of rain to fall in areas from San Antonio to Tyler, Texas, requiring the evacuation of persons from flooded homes. This storm system brought two rounds of thunderstorms into the southwest section of

Arkansas in the afternoon and evening hours of June 10, 2010. One to three inches of rain were common, with up to four inches in local areas. As a result of the storm moving into Arkansas, the National Weather Service issued a flash flood watch for western Arkansas at 11:58 a.m. on Thursday, June 10, 2010, that was to remain in effect until 7:00 p.m. on Friday, June 11, 2010.

12. In the early morning hours of June 11, 2010, rain was widespread from Texarkana in southwest Arkansas to Little Rock. Heavy rainfall was also experienced in Montgomery County, Arkansas. This rainfall caused a rapid rise in the Little Missouri River and its tributaries located within APRA. According to the United States Geological Service, the Little Missouri River rose from a state of 3.81 feet to 22.30 feet between 2:00 a.m. and 5:00 a.m. on June 11, 2010, and crested at 23.39 feet at 5:30 a.m. These floodwaters rapidly and completely inundated the flood plain in which APRA is located.

13. Those camping in APRA were sleeping at the time when the rapid flooding occurred. They were caught by surprise and without any warning that they were being flooded. Twenty persons were unable to get to safety and were drowned in the flooding. Prior to the flooding, Plaintiff's mother and daughter had sought shelter from the rain in one of the party's vehicles with Kylee's best friend, Gayble Moss. That vehicle was swept from its parking spot by floodwaters and all three of them drowned. Plaintiff, who had taken shelter in a separate vehicle, survived.

## CLAIMS AGAINST DEFENDANT

14. The deaths of Kylee Sullivan and Julie Freeman were caused by the willful and wanton negligence of the U.S. Forest Service, a division of the U.S. Department of Agriculture. Such agencies were willfully and wantonly negligent in the following particulars and respects:

a. In failing to conduct an adequate and proper environmental assessment or environmental impact statement to determine the potential harm to future campers at APRA, including the potential and obvious threat from flooding to the safety of campers using APRA, at the time of the expansion and renovation of APRA in 2000 and 2001;

b. In failing to determine that the camping area of APRA was located in the flood plain of the Little Missouri River;

c. In placing APRA in an area that constituted a public nuisance under the laws of the state of Arkansas.

d. In planning, locating, constructing, approving and allowing campsites and overnight camping facilities and activities in the flood plain of the Little Missouri River;

e. In failing to foresee the potential for flooding that could endanger the lives and safety of campers, particularly in view of the topography of the area (a river valley surrounded by steep mountainous walls and no warning devices);

f. In failing to consider the extensive flooding history of the Little Missouri River in planning, locating, constructing, approving and allowing overnight camping facilities and activities in the flood plain of the Little Missouri River;

g. In failing to plan, develop and maintain equipment at APRA that would provide warnings to campers or potential campers that heavy rains were predicted for the watershed of the Little Missouri River;

h. In failing to provide and train U.S. Forest Service personnel to warn campers at APRA of the potential of the Little Missouri River and its tributaries to rise rapidly

and to flood into the area in the event of heavy rains;

i. In failing to provide and train U.S. Forest Service personnel to be alert to weather forecasts of the National Weather Service regarding potential storm events in the watershed of the Little Missouri River, and to provide warnings to persons camping or proposing to camp of the potential of the Little Missouri River and its tributaries to rise rapidly and to flood, or to order APRA to be evacuated.

j. In failing to post warning signs prominently at the entrance to and throughout APRA of the potential of the Little Missouri River and its tributaries to rise rapidly and to flood, and that the campsites in APRA were in the flood plain of the river and subject to flash flooding;

k. In failing to provide U.S. Forest Service personnel and the Volunteer Hosts at APRA with training regarding the potential for flooding at APRA during storm events, and regarding safety precautions and procedures to be followed in the event of storm events and flooding;

l. In failing to develop, implement, maintain and repair communications capabilities between APRA and other offices of the U.S. Forest Service and other agencies of the federal, state and local governments regarding warnings of potential flooding, safety precautions, and procedures to be followed in the occurrence of storm events and flooding.

m. In failing to develop, maintain and implement contingency plans for emergency services, evacuation, or search and rescue of visitors camping in APRA; and

n. In failing to take all reasonable, necessary and appropriate precautions and measures

to protect the safety, lives and property of persons who utilized APRA.

15. The U.S. Forest Service and the U.S. Department of Agriculture engaged in an ultra-hazardous activity by placing APRA in a flood plan, thereby creating a public nuisance under the laws of the state of Arkansas that caused or contributed to the deaths of Kylee Sullivan and Julie Freeman. Accordingly, Defendant is subject to strict liability for damages arising out of these deaths.

16. The U.S. Forest Service and U.S. Department of Agriculture owed a duty to Plaintiff, Kylee Sullivan and Julie Freeman, as invitees, to use ordinary care to maintain the premises in a reasonably safe condition to prevent injury to their lives and safety.

17. Even if Plaintiff, Kylee Sullivan and Julie Freeman were not invitees but licensees at APRA, the U.S. Forest Service and U.S. Department of Agriculture knew or had reason to know of conditions at APRA that were not open and obvious, and which created an unreasonable risk of harm to Plaintiff, Kylee Sullivan, Julie Freeman, and other persons camping overnight at APRA. Consequently, the U.S. Forest Service and U.S. Department of Agriculture were under a duty to use ordinary care to make the conditions safe or to warn Plaintiff, Kylee Sullivan, Julie Freeman, and others camping overnight at APRA who did not know or have reason to know of the danger.

18. The U.S. Forest Service and U.S. Department of Agriculture willfully, wantonly and maliciously violated their obligation to use care for the lives and safety of Kylee Sullivan and Julie Freeman in failing to take the precautions and in the acts and omissions set forth above, as well as those contained in the report issued by the U.S. Forest Service and U.S. Department of Agriculture on September 24, 2010. A copy of said report is attached hereto as Exhibit "A" and incorporated herein by reference. Said acts, omissions and failures to take precautionary measures as set forth

herein created ultra-hazardous conditions and activities in APRA known by Defendant to be dangerous.

## WRONGFUL DEATH AND SURVIVAL CLAIMS AND DAMAGES

19.     As a direct and proximate result of the negligence, gross negligence, reckless disregard, malicious and intentional acts and omissions described herein, Plaintiff, as duly appointed Administrator of the Estates of Kylee Sullivan and Julie Freeman, asserts a survival action against Defendant on behalf of the Estates of Kylee Sullivan and Julie Freeman and seeks to recover the following damages on behalf of both estates:

   a.   extreme conscious pain and suffering;

   b.   extreme fear of impending death;

   c.   extreme mental anguish and emotional distress;

   d.   loss of life, including economic loss of wages, benefits and economic opportunities;

   e.   loss of enjoyment of life; and

   f.   any other damages to which Kylee Sullivan and Julie Freeman would have been entitled under the laws of the state of Arkansas had they survived.

20.     As a direct and proximate result of the negligence, gross negligence, reckless disregard, malicious and intentional acts and omissions, and strict liability described herein, Plaintiff Amanda Baker Willis, individually and on behalf of the wrongful death beneficiaries of Kylee Sullivan and Julie Freeman, asserts wrongful death claims against Defendant and seeks to recover damages for

extreme mental anguish, emotional distress, and any other category of damage to which they are entitled under the laws of the state of Arkansas.

### PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff Amanda Baker Willis prays for judgment against Defendant United States of America in an amount to be proven and apportioned at trial for all compensatory damages described herein. Plaintiff is further entitled to and does hereby seek recovery of all costs and attorney's fees incurred by Plaintiff in this action. Plaintiff further seeks any compensatory and punitive damages allowed by law, together with such further and additional relief at law or equity that this Court may deem appropriate or proper.

November 26, 2012

Respectfully submitted,

MERCY ★ CARTER ★ TIDWELL, L.L.P.
1724 Galleria Oaks Drive
Texarkana, Texas 75503
(903) 794-9419 - Telephone
(903) 794-1268 - Facsimile
wdcarter@texarkanalawyers.com

_____
W. David Carter, ASB No. 85025

Attorneys for Plaintiff Amanda Baker Willis